Filed 7/25/23  P. v. Head CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERICK JOEL HEAD,<br><br>Defendant and Appellant. | F085063<br><br>(Super. Ct. No. VCF252277)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Erin R. Doering and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Poochigian, Acting P. J., Peña, J. and Meehan, J.

Defendant Erick Joel Head was convicted by a jury of three counts of murder in 2011. In 2022, he petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing. The trial court summarily denied the petition, without appointing counsel.

On appeal, defendant argues the trial court prejudicially erred in: (1) failing to appoint counsel, (2) denying the petition without setting forth intelligible reasons for the denial on the record, and (3) denying defendant a hearing on his petition. Specifically, he argues that he filed a facially sufficient petition, and his convictions could have been proved under a felony-murder theory and therefore do not render him ineligible for relief as a matter of law. The People respond that any error was harmless because defendant was the actual killer and was therefore ineligible for relief as a matter of law. We affirm.

## PROCEDURAL HISTORY[2]

On August 25, 2011, the Tulare County District Attorney charged defendant in an information alleging defendant committed the murders of R.M., G.M., and R.M., Jr. (§ 187, subd. (a); counts 1–3), three counts of evading an officer causing death (Veh. Code, § 2800.3; counts 4–6), evading an officer with willful disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a); count 7), and evading an officer causing injury (Veh. Code, § 2800.3, subd. (a); count 8). As to each count, the information further alleged that defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served a prior prison term (§ 667.5, former subd. (b)). As to counts 1 through 3,

---

[1]     Undesignated statutory references are to the Penal Code unless otherwise indicated. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2]     We summarize only the procedural history relevant to our review of the order denying defendant's section 1172.6 petition.

the information alleged that the prior strike conviction also qualified as a serious felony conviction (§ 667, subd. (a)(1)).

On October 28, 2011, the jury found defendant guilty on counts 1 through 7. The jury reached no verdict on count 8.[3]

On December 8, 2011, the trial court sentenced defendant to an aggregate term of 90 years to life plus nine years as follows: on count 7, four years (the middle term); on count 1, 30 years to life, plus a five-year serious felony conviction enhancement, consecutive to the term on count 7; on count 2, 30 years to life, consecutive to the term on count 1; on count 3, 30 years to life, consecutive to the term on count 2; and on counts 4, 5, and 6, 12 years (the middle term), stayed pursuant to section 654.

On September 27, 2022, defendant filed a section 1172.6 petition seeking resentencing and requesting appointment of counsel. The form petition alleged, among other things, that he was charged with an offense that permitted prosecution under a felony-murder theory and that he could not presently be convicted of murder due to the changes to sections 188 and 189. He also requested appointment of counsel.

On the same date, without first appointing counsel, the trial court summarily denied the petition as follows: "Petition previously denied. No basis for petition, defendant was convicted by jury trial. Petition denied." On September 29, 2022, the deputy clerk memorialized the court's order in a letter: "Your request has been DENIED. No basis for petition, was convicted by Jury trial."

On October 5, 2022, defendant filed a notice of appeal.

**FACTUAL SUMMARY**

The following summary is drawn from the probation officer's report, summarizing law enforcement officers' reports.[4] The probation officer expressly noted that they "did

---

[3]     The record before us does not reflect whether count 8 was dismissed prior to trial.

[4]     This factual summary is provided only to give context to our decision. We do not rely on the probation report in deciding this case—it does not constitute evidence

3.

not have access to the jury trial transcripts at the time of preparation of th[e] report. Consequently, it [was] possible that additional and/or conflicting information was developed during the course of the trial that would contradict the summary offered." Further, there is no indication in the record that the trial court considered the probation officer's report in denying defendant's section 1172.6 petition.

In the evening of March 31, 2011, a Tulare County Sheriff's deputy observed a white SUV with a trailer driving northbound on the freeway with no lighting. He attempted to perform a traffic stop as the SUV exited the freeway, but defendant—the driver of the SUV—continued driving, continuing through two stop signs without stopping and entering an intersection on a red traffic light. Defendant was driving in excess of 90 miles per hour upon entering the intersection and the deputy did not see any brake lights signal on the SUV. The SUV collided with a sedan. Defendant attempted to flee the scene but was apprehended behind a nearby church. All three occupants of the sedan were pronounced dead on the scene.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

---

contained in defendant's record of conviction. (*People v. Owens* (2022) 78 Cal.App.5th 1015, 1026.)

4.

Senate Bill 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 also added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter …." (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

---

[5] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, the court must conclude that the defendant has filed a facially sufficient petition and counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [a] prima facie determination" in consideration of the record of conviction].)

Only *after* counsel is appointed to represent a defendant who filed a facially sufficient petition does the trial court determine whether the defendant has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 966–967; see *People v. Strong*, *supra*, 13 Cal.5th at p. 708.) In making the prima facie determination, the court may rely on " 'the record [of conviction], including [its] own documents, "contain[ing] facts refuting the allegations made in the petition …." ' " (*Lewis*, at pp. 970–971, 972.) However, the prima facie

6.

inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971–972.) If, in light of the record of conviction, defendant's petition fails as a matter of law, the trial court may summarily deny it. (*Id*. at p. 974.)

If the sentencing court determines the defendant has made a prima facie showing, the court must issue an order to show cause[6] and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

Prejudice is not presumed when a defendant's facially sufficient petition is denied prior to appointment of counsel. Instead, a defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974; *People v. Watson* (1956) 46 Cal.2d 818.) That is to say, the defendant must show that he was not ineligible for relief as a matter of law. (*Lewis*, at p. 974.)

## II.    Judicial Notice

This court advised the parties that it was considering taking judicial notice of the record on defendant's direct appeal. (*People v. Head* (July 8, 2013, F064047) [nonpub. opn.].) Specifically, it directed the parties to the jury instructions related to second degree murder and involuntary manslaughter located at pages 361 to 363 and 369 to 371 of volume 2 of the reporter's transcript in case No. F064047; and to the absence in that record of any jury instructions related to felony murder, natural and probable

---

[6]    "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

consequences aider and abettor liability, or other theory under which malice is imputed based solely on the defendant's participation in the offense. We afforded the parties an opportunity to submit briefing on the issue.

Defendant originally objected on two bases—(1) he did not have access to the record in his direct appeal and (2) we should not consider the record in case No. F064047 because the trial court did not consider it in the first instance. The People submitted a letter brief voicing no objection. We provided the parties an electronic copy of the record in case No. F064047. The People responded a second time, again voicing no objection. Defendant again objected to judicial notice on the basis that the trial court had not considered the material.

We overrule defendant's objection. In resolving this case, we consider more than whether the trial court erred. We consider—aside from any error—whether reversal is required. " ' "[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." ' " (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.) Where "there is simply no evidence that could support a favorable finding for [defendant], then any legal error in the court's reasoning or basis for its decision quite obviously is harmless." (*In re J.R.* (2022) 82 Cal.App.5th 526, 533–534, fn. omitted [affirming where remand due to legal error would be pointless because there were no factual issues to resolve which would result in a decision favorable to the defendant].) Courts refuse requests for remand where the remedy would be "worse than pointless: remands would force people to expend resources but sentences would not change. There would be cost but no benefit." (*People v. Venegas* (2020) 44 Cal.App.5th 32, 42; see *People v. Schaffer* (2020) 53 Cal.App.5th 500, 506 [pointless to remand where defendant would be unable to gain any effective relief].)

In short, if defendant is ineligible for relief as a matter of law, we need not remand for the trial court to make that determination. In making the prima facie determination of

eligibility for relief under section 1172.6, a trial court may properly consider jury instructions as they are part of the record of conviction.  (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.)  If the jury instructions rule out the possibility that defendant was prosecuted under a now-invalid theory, he is not entitled to relief as a matter of law.  (*Lewis*, at p. 974.)

For that reason, we take judicial notice of the jury instructions contained in the record on defendant's direct appeal because they are relevant to the issues at bar.  (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).)  Specifically, we note that the jury in defendant's trial was instructed on second degree implied malice murder and involuntary manslaughter.  The jury was not instructed on felony murder, natural and probable consequences aider and abettor liability, or other theory under which malice is imputed based solely on the defendant's participation in the offense.

## III.    Analysis

Defendant contends the trial court prejudicially erred by (1) summarily denying his facially sufficient petition rather than appointing counsel, (2) failing to state "intelligible" reasons for denying his petition, and (3) denying him a hearing on his petition.  (Capitalization omitted.)  The People respond only that any error was harmless because defendant was ineligible for relief as a matter of law.  We agree with the People.

Our Supreme Court has resolved any ambiguity regarding whether section 1172.6 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition; it does.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 961–967.)  Counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1172.6, subdivision (b)(1) and (2).  (§ 1172.6, subd. (b)(3); accord, *Lewis*, at pp. 962–963, 967.)  Here, defendant's petition met the requirements of section 1172.6, subdivision (b).  The People agree that defendant "was entitled to the appointment of counsel and a hearing …."  Defendant filed a form petition that complied completely with the requirements of section 1172.6, subdivision

9.

(b).  Appointment of counsel and a full opportunity for briefing were required by section 1172.6, subdivisions (b)(3) and (c).  (See *Lewis*, at pp. 961–963, 967.)  The trial court erred in disposing of the petition without following these procedures.

Nevertheless, the People argue that the denial of appointment of counsel and the other purported errors were not prejudicial (i.e., that defendant's petition would appropriately have been denied without an evidentiary hearing).  For the proposition that any error was harmless, the People argue "[defendant] was charged and convicted of three counts of second degree murder based on a fatal collision in which he was the driver of the vehicle that caused the collision."  They reason therefore that defendant "was the actual killer [and] no malice was imputed to him."  Defendant contends that, based on *People v. DeHuff* (2021) 63 Cal.App.5th 428, it is possible that defendant was convicted of second degree murder based on a felony-murder theory with the Vehicle Code section 2800.2 offense—evading an officer while driving with reckless disregard for the safety of others—serving as the predicate felony.  However, as described above, we have taken judicial notice of the jury instructions given at defendant's trial so we need not speculate on what theory the jury might have relied upon.  The jury was not instructed on felony murder or any other theory for which malice is imputed based on the defendant's participation in the offense.  Defendant was found guilty of second degree implied malice murder.  Defendant was not convicted on a theory of second degree murder which was invalidated by Senate Bill 1437.  Accordingly, defendant is ineligible for relief as a matter of law.  Any error in denying defendant's petition was therefore harmless.

## DISPOSITION

The order is affirmed.